**In the Matter of Robert Dan DUCICH, Bankrupt.**

**No. 74–5646.**

United States District Court,
C. D. California.

Nov. 7, 1974.

**1288**

John H. Larson, County Counsel, Frederick R. Bennett, Deputy County Counsel, Los Angeles, Cal., for appellant, The Marshal of the Municipal Courts of Los Angeles.

H. H. Slate, Slate & Leoni, Los Angeles, Cal., for appellee-bankrupt.

## MEMORANDUM AND ORDER

WESTOVER, District Judge.

This appeal arises out of Bankruptcy Rules 401 and 601, effective October 1, 1973, which rules read in part as follows:

"Rule 401. Petition as Automatic Stay of Certain Actions on Unsecured Debts

"(a) Stay of Actions. The filing of a petition [in bankruptcy] shall operate as a stay of the commence-

ment or continuation of any action against the bankrupt, or the enforcement of any judgment against him, if the action or judgment is founded on an unsecured provable debt other than one not dischargeable under clause (1), (5), (6), or (7) of § 17a of the Act.

"* * *.

"* * *.

"(d) Relief from Stay. On the filing of a complaint by a creditor seeking relief from a stay provided by this rule, the bankruptcy court shall set the trial for the earliest possible date, and it shall take precedence over all matters except older matters of the same character. The court may, for cause shown, terminate, annul, modify, or condition such stay."

"Rule 601. Petition as Automatic Stay Against Lien Enforcement

"(a) Stay Against Lien Enforcement. The filing of a petition shall operate as a stay of any act or the commencement or continuation of any court proceeding to enforce (1) a lien against property in the custody of the bankruptcy court, or (2) a lien against the property of the bankrupt obtained within 4 months before bankruptcy by attachment, judgment, levy, or other legal or equitable process or proceedings.

"* * *.

Relief from Stay. On the filing of a complaint seeking relief from a stay provided in this rule, the bankruptcy court shall, subject to the provisions of subdivision (d) of this rule, set the trial for the earliest possible date, and it shall take precedence over all matters, except older matters of the same character. The court may, for cause shown, terminate, annul, modify, or condition such stay. A party seeking continuation of a stay against lien enforcement shall show that he is entitled thereto."

The statement of the case is ably set forth in Appellant's Brief on Appeal, pages 1 and 2, as follows:

"In April of 1974, respondent THERAPEUTICS INC. (hereinafter referred to as the Judgment Creditor) obtained a small claims judgment against the bankrupt and respondent ROBERT DAN DUCICH (hereinafter referred to as the "Bankrupt") (Findings of Fact, hereinafter referred to as "F.F.", page 2, lines 9–12) and caused the respondent and appellent (hereinafter referred to as the "levying officer") to serve a writ of execution, pursuant to California Code of Civil Procedure Section 682.-3, on the bankrupt's employer, CERTIFIED GROCERS (hereinafter referred to as the "bankrupt's employer") (FF: p. 2, lines 14–22). Pursuant to the provisions of California Code of Civil Procedure Section 682.3, the bankrupt's employer began deducting and forwarding to the levying officer the appropriate portions of the bankrupt's earnings to be forwarded in due course by the levying officer to the judgment creditor. (F.F., p. 2, lines 19–27).

"On or about May 6, 1974, the bankrupt filed a voluntary bankruptcy (F.F., p. 2, lines 29–30) and a notice from the bankrupt to the effect that a petition in bankruptcy had been fild and that Bankruptcy Rules 401 and 601 provide for an automatic stay of certain actions was served upon the levying officer, the judgment creditor, and the bankrupt's employer. (F.F. p. 3, lines 5–7).

"The judgment creditor did not issue a direction to the levying officer to release the garnishment and the bankrupt's employer continued to send portions of the bankrupt's salary to the levying officer, and the levying officer received (F.F. p. 5, line 15 to F.F. p. 6, line 2) but did not pay said sums to the judgment creditor. (Judgment, lines 23–26)

"Because of the levying officer's refusal to issue a direction to release the garnishment to the bankrupt's employer, pursuant to California Code of Civil Procedure Section 682.3(a)(1), and

because of the levying officer's refusal to cease receiving the money forwarded to him by the bankrupt's employer, the bankrupt filed a motion with the bankruptcy court to, *inter alia*, have the levying officer held in contempt for violation of Bankruptcy Rules 401 and 601.

"The bankruptcy court held that the levying officer's actions were in violation of both Bankruptcy Rules 401 and 601, but that the actions of the levying officer were without willful intent and in the absence of a judicial interpretation or ruling on the effect of the filing of a petition in bankruptcy, on a garnishment against the earnings of a judgment debtor (F.F. p. 6, lines 4–13), and that, therefore, the actions of the levying officer were not contemptuous (F.F., p. 10, lines 1–32). The bankruptcy court further ordered the levying officer to give the bankrupt's employer a direction to release the writ of execution previously served (Judgment, lines 27–31). From this decision of the bankruptcy court, the levying officer takes this appeal. * * *."

It will be noted that Rules 401 and 601 state: "The filing of a petition shall operate as a stay * * *." In the present case, after the filing of the petition in bankruptcy, Bankrupt's employer continued to withhold part of the Bankrupt's salary and continued to forward the same to the Marshal of Municipal Courts, pursuant to the writ of execution.

Before the filing of the bankruptcy petition the Marshal had forwarded to the Judgment Creditor the amounts received from Bankrupt's employer. After having knowledge of the bankruptcy proceeding, the Marshal received and retained said amounts until $339.13 (Amended Judgment, line 24) has been accumulated. Bankrupt made demand upon the Marshal for the money so accumulated, which demand was refused; whereupon Bankrupt's counsel, on June 11, 1974, filed in the bankruptcy court a Motion for Determination of Contempt

and for Order for Attorney Fees, seeking to hold the Marshal in contempt and to obtain possession of the funds held by him. On June 21, 1974 counsel for Bankrupt filed a Complaint for Order Declaring Lien Null and Void.

After holding hearing on the pleadings before him the Bankruptcy Judge filed Findings of Fact, Conclusions of Law and Judgment on July 11, 1974 and, on July 23, 1974, filed an Amended Judgment. As hereinbefore stated the Bankruptcy Judge held, inter alia, that the Marshal's actions were in violation of Bankruptcy Rules 401 and 601 but that the actions of the levying officer were without willful intent and, in the absence of judicial interpretation or ruling on the effect of a garnishment against the earnings of a Judgment Debtor who filed bankruptcy, the said actions were not contemptuous; and the Bankruptcy Judge denied the Motion for Determination of Contempt and for Order for Attorney Fees (Amended Judgment, Item 1). In this ruling the Bankruptcy Judge is affirmed.

 It will be noted Rules 401 and 601 state specifically that the filing of a petition in bankruptcy "shall operate as a stay." "Stay" means that all proceedings shall cease. In other words, in the case now under consideration the employer should not have withheld any part of the earnings after bankruptcy filing and should not have forwarded any funds to the Marshal. Upon the filing of the petition in bankruptcy the Marshal should not have accepted any money sent to him by the employer. Both employer and the Marshal were in violation of Rules 401 and 601.

Bankrupt contends that it was the duty of the Marshal, upon obtaining notice of the bankruptcy, to release the writ of execution. Rule 401(c) provides for Annulment of Stay; and Rule 601(c) provides for Relief from Stay. The rules also provide for trial upon the issue of the stay at the earliest possible date and that hearing should take precedence over all matters, except those of like char-

acter older in time. So, if a dispute arises between the parties, the rules provide for immediate hearing to resolve differences.

 The Bankruptcy Judge further ordered (Amended Judgment, Item 2) that the money collected by the Marshal in the amount of $339.13 be released by the Marshal to the Bankrupt through his attorneys of record. In this ruling the Bankruptcy Judge is affirmed.

The Amended Judgment (Item 3) required the Marshal to give Certified Grocers a release of the writ of execution, effective as of the date of bankruptcy—May 6, 1974. In this holding the Bankruptcy Judge is reversed.

Release of a writ of execution can be accomplished by an Order of the Bankruptcy Judge, directed to the Judgment Creditor, requiring him to notify the Marshal to release the writ of execution, failure to comply constituting contempt of court by the Judgment Creditor.

The District Court makes the following conclusions:

1. That the Marshal is not entitled to a formal notice from the bankruptcy court concerning filing of a petition in bankruptcy.

2. Upon receipt of information of a pending bankruptcy petition, all proceedings of the levying officer are stayed and no further affirmative action shall be taken by him unless and until Relief From Stay is granted by the Bankruptcy Court, pursuant to Rule 401(d) or Rule 601(c).

3. Release of a writ of execution is an affirmative action which is precluded by the stay until the Bankruptcy Court has ordered the Judgment Creditor to release the writ of execution.

4. The Bankruptcy Judge is correct in Items 1 and 2 of his Amended Judgment filed July 23, 1974.

5. The Bankruptcy Judge is in error in Item 3 of his Amended Judgment, as the order to release the writ of execu-

tion should have been directed to the Judgment Creditor.

Pursuant to the foregoing,

It is ordered:

1. That the order denying the Motion for Determination of Contempt and for Order for Attorney Fees (Amended Judgment, Item 1) is affirmed.

2. That the order that accumulated funds in the hands of the Marshal be released to the Bankrupt through his attorneys of record (Amended Judgment, Item 2) is affirmed.

3. That the order requiring the Marshal to give Certified Grocers a release of writ of execution (Amended Judgment, Item 3) is reversed.